## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1193 | **DATE** | 5/23/2011 |
| **CASE TITLE** | Thomas A. Simonian vs. Pfizer, Inc. | | |

**DOCKET ENTRY TEXT**

Pfizer's 28 U.S.C. § 1404(a) Motion to Transfer to the United States District Court for the District of New Jersey [51] is granted. The Clerk shall transfer Plaintiff Thomas A. Simonian's claims against Pfizer, Inc. to the United States District Court for the District of New Jersey.

■[ For further details see text below.]    Docketing to mail notices.

### STATEMENT

Before the Court is Pfizer, Inc.'s ("Pfizer") Motion to Transfer pursuant to 28 U.S.C. § 1404(a). For the following reasons the Motion is granted.

A district court may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is proper if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey, 796 F.2d at 219.

The District of New Jersey is an appropriate venue because Pfizer's wholly owned subsidiary, Wyeth LLC—which both currently and previously distributed Advil® products prior to its acquisition—has its principal place of business in New Jersey. See 28 U.S.C. § 1391(b)-(c). Moreover, all relevant business activities giving rise to the claim, i.e., the regulatory and intellectual property decisions for the Advil® products, occurred in New Jersey. See id. § 1391(b). Notably, Plaintiff Thomas A. Simonian ("Simonian") does not challenge whether the District of New Jersey is a proper venue. Instead, he argues that the relative convenience of the parties and witnesses and the interest of justice do not warrant transfer.

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof." Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 978 (7th Cir. 2010) (citations omitted). Further, a plaintiff's choice of forum is typically given substantial weight. In re Nat'l Presto Indus., Inc., 347 F.3d 662, 664 (7th Cir. 2003). In a false patent marking case, however, this factor is entitled only to "slight deference" because a

## STATEMENT

*qui tam* plaintiff brings the lawsuit on behalf of the United States. See, e.g., Simonian v. Maybelline LLC, No. 10 C 1615, 2011 WL 814988, at *6 (N.D. Ill. Mar. 1, 2011); Simonian v. Monster Cable Prod., Inc., No. 10 C 1269, 2010 WL 4822899, at *1 (N.D. Ill. Nov. 22, 2010); Simonain v. Hunter Fan Co., No. 10 C 1212, 2010 WL 3975564, at * 2 (N.D. Ill. Oct. 7, 2010); see also U.S. ex rel. Kairos Scientia, Inc. v. Zinsser Co, No. 5:10-CV-383, 2011 WL 127852, at *3 (N.D. Ohio Jan. 14, 2011); Just Intellectuals, PLLC v. Clorox Co., No. 10-12415, 2010 WL 5129014, at *4 (E.D. Mich. Dec. 10, 2010); U.S. ex. rel. FLFMC, LLC v. T.F.H. Publ'ns, Inc., No. 2:10cv437, 2010 WL 4181151, at *2-3 (W.D. Pa. Oct. 20, 2010); S.F. Tech., Inc. v. Glad Prods. Co., No. 10-CV-00966 JF (PVT), 2010 WL 2943537, at *7 (N.D. Cal. July 26, 2010). Simonian's arguments to the contrary are disingenuous, particularly given the mounting authority against him in this District. Thus, the Court finds that Simonian's choice of venue is accorded relatively little weight.

Although Simonian chose to sue Pfizer in the Northern District of Illinois, this case lacks any meaningful connection to this District. Under § 292, liability is imposed for (1) marking an unpatented article with (2) intent to deceive the public. Juniper Networks, Inc. v. Shipley, No. 2010-1327, 2011 WL 1601995, at *4 (Fed. Cir. Apr. 29, 2011) (citing Forest Grp. Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009)). New Jersey is irrefutably the location of the material events giving rise to this lawsuit. The Pfizer subsidiary responsible for the accused Advil® products is headquartered in New Jersey. Relevant witnesses knowledgeable about Pfizer's regulatory and intellectual property decisions are located in New Jersey. Pfizer points out that its witnesses will only be required to travel approximately sixteen miles to the courthouse in Newark, New Jersey, as opposed to traveling approximately 775 miles to Chicago, Illinois. In contrast, Simonian concedes that he will not provide testimony in the case, and even if he did his testimony would be irrelevant. Additionally, manufacturing, labeling, and marketing decisions concerning Advil® products occur in New Jersey. And, all potentially relevant Pfizer documents are located in New Jersey. The relative convenience of the parties and witnesses therefore heavily favors transfer.

The interest of justice pertains to the "efficient administration of the court system," and is a distinct and "separate component of a § 1404(a) analysis." Coffey, 796 F.2d at 220-21. This factor may be determinative, even though the Court would otherwise find the original forum inconvenient for the parties and witnesses. Id. Courts evaluate the following factors: (1) "docket congestion and likely speed to trial in the transferor and potential transferee forums"; (2) "each court's relative familiarity with the relevant law"; (3) "the respective desirability of resolving controversies in each locale"; and (4) "the relationship of each community to the controversy." Research Automation, Inc., 626 F.3d at 978 (citations omitted).

Simonian contends that the interest of justice is not served by a transfer to the District of New Jersey because the Court has expended time and effort to familiarize itself with the case and the changing legal landscape. This case, however, is still in the preliminary stages and the Court has not expended significant judicial resources on it. Further, the case arises under federal law, and therefore both federal district courts are equally familiar with Title 35 of the United States Code. Simonian also argues that this District has a strong connection to the lawsuit because Pfizer sells the accused product here resulting in public injury due to the mismarking. Yet, he admits that this is also true for New Jersey. Simonian does not challenge Pfizer's contention that the case will not be resolved in approximately the same amount of time in either district. Finally, the Court agrees with Pfizer that the District of New Jersey's interest in this case is particularly strong because the claim turns on whether Pfizer had "intent to deceive the public." See In re Hoffmann-La Roche, Inc., 587 F.3d 1333, 1336 (Fed. Cir. 2009) (finding that the transferee forum's local interest was strong "because the cause of action calls into question the work and reputation of several individuals residing in or near that district"). The interest of justice therefore also favors transfer.

Pfizer has met its burden of demonstrating that the transferee forum is the more convenient forum. Accordingly, the Motion to transfer the case to the District of New Jersey is granted.

IT IS SO ORDERED.